Socony-Vacuum Oil Company, Incorporated, and Others, Appellants, *v.* The City of New York and Others, Respondents.

First Department, April 3, 1936.

*Charles Pratt Healy,* for the appellants.

*Sol Charles Levine* of counsel [*Oscar S. Cox* and *Meyer Bernstein* with him on the brief; *Paul Windels, Corporation Counsel*], for the respondents.

DORE, J. This action is for a declaratory judgment and injunctive relief. Plaintiffs are eleven corporations engaged in the business of selling gasoline and other products within the city of New York and elsewhere at wholesale and retail. This appeal involves the validity of the regulation of the comptroller of the city of New York with reference to the New York city sales tax solely in its application to sales of gasoline, and plaintiff's right to a declaratory judgment with injunctive relief.

The Local Law in question is No. 20 of the city of New York for the year 1934, as amended (published as Local Law No. 21 in Local Laws, 1934, pp. 143–151, and as Local Law No. 25 in Local Laws, 1934, pp. 164–175). Its validity or constitutionality is not here challenged and is not in issue. It was enacted by the city of New York pursuant to the Enabling Act (Laws of 1934, chap. 873), which gave the city authority, within a fixed period, to adopt local laws imposing any taxes which the Legislature would have the power and authority to impose to relieve the people from the hardships and sufferings caused by unemployment. By the terms of the Enabling Act, the taxing power of the city of New York, within its territorial limits, was thus made equal and coextensive with that of the State. The City Sales Tax Law passed pursuant to that authority imposes a tax of two per cent upon the amount of the receipts from every sale in the city of New York of tangible personal property sold at retail (with certain exceptions not here pertinent) (Local Law, § 2). Plaintiffs and all other vendors of merchandise subject to the operation of the law are under the express duty to charge and collect from their customers, the purchasers of the merchandise (gasoline in this case), the proper tax legally calculated (§ 1; Regulations, arts. 8 and 16). They are subject to certain penalties, civil and criminal, if they fail to do so (§ 15).

Under subdivision (a) of section 11 the comptroller is authorized to make rules and regulations appropriate for carrying out the law and its purposes. Purporting to act under this authority, he promulgated the following regulation:

" Article 88.— Vendors of tangible personal property, upon which there is imposed Federal or State excise taxes, are required to include the amount thereof in the receipts from the sale of such property when computing the tax imposed by Local Law No. 20, as amended.

" To ·illustrate:

" If the selling price of ten gallons of gasoline is $1.40 and the Federal tax of 10c and the State tax of 30c are added in the total charge to the customer, the city sales tax of 4c is to be collected on the total amount thereof, viz., $1.80, making the total charge $1.84."

Plaintiffs contend that with respect to the sale of gasoline taxable under the law, the above regulation, as interpreted to include the New York State four-cents-per-gallon tax within the receipts from sales upon which the sales tax is assessed, is unwarranted and unlawful and renders article 88 invalid and void. Defendants deny the invalidity and dispute plaintiffs' right to a declaratory judgment and injunctive relief, asserting plaintiffs have an adequate and complete remedy at law by certiorari and under the refund provisions of the local law. These are the sole issues here litigated.

The court at Special Term, although ruling that article 88 is not in accordance with the local law, nevertheless, dismissed the complaint on the ground that plaintiffs are not the real parties in interest, and for the additional reason that plaintiffs have an adequate remedy by certiorari under section 10 of the law.

Under the terms of the law, the seller must charge the legally calculated tax to the purchaser; and, if the purchaser does not pay it, the seller must pay it to the city out of his own pocket. If he fails to collect, the seller is guilty of a misdemeanor; and, if he willfully fails to charge the tax, he is also guilty of a misdemeanor. It is also provided that no seller may absorb the tax or tell a buyer that he will pay it. Plaintiffs, as sellers, liable for the collection of the tax, facing civil and criminal penalties if they fail to do so, have thus been placed in a position of dilemma and peril and clearly are in the position of being the real parties in interest, and in holding otherwise the court at Special Term erred.

We thus come to the cardinal issue, the validity of article 88 in so far as it directs that the New York State gasoline tax shall be included in computing the " receipts " from a " sale " on the total of which the sales tax is imposed and assessed. While it may not be successfully contended that the Legislature lacks the power to impose, or to delegate to a municipality power to impose, what is called " double taxation," such intention on the part of the Legislature must be clearly and distinctly expressed, it may not be inferred, and every presumption is against it. (*Matter of Cooley*, 186 N. Y. 220; *Tennessee* v. *Whitworth*, 117 U. S. 129; *Matter of Barbour*, 185 App. Div. 445; affd., 226 N. Y. 639; 61 C. J. 139, 140.)

The Enabling Act as a law imposing a special tax is to be construed strictly against the taxing power and a clear case made out for its application (*Matter of Swift*, 137 N. Y. 77, 87); and it does

not, either by express language or manifest intention, authorize the imposition upon the purchaser of double taxation, that is, a tax upon a tax. That the New York State gasoline tax is a tax upon the purchaser or ultimate customer cannot be doubted. (Tax Law, § 289-c, subds. 1, 2 and 3; Opinions of Attorney-General, 1929, p. 197, May 27, 1929.) The imposition of the State gasoline tax on the *purchaser* sufficiently differentiates the cases, relied on by the city, of other so-called invisible taxes in which the tax is imposed *as a tax* upon the manufacturer or seller.

Other grounds of invalidity have been urged. It is unnecessary to pass upon them as we conclude that article 88 of the regulations is an unwarranted and unlawful inclusion by the comptroller of State gasoline taxes within the receipts properly taxable under the local law and is unjustified and arbitrary, as no authority so to include was granted, either by the expressions or implications of the Enabling Act or by the local law itself. Accordingly, we hold that article 88, in so far as it purports to include State gasoline taxes in the receipts from sales on which the sales tax is assessed, is invalid and void.

We must now consider whether a declaratory judgment is here a proper and appropriate remedy. The general purpose of a declaratory judgment is to quiet and stabilize uncertain or disputed jural relations, either as to present or prospective obligations, and no limitation has been placed or attempted to be placed upon its use. (*James* v. *Alderton Dock Yards*, 256 N. Y. 298; *Brownell* v. *Board of Education*, 239 id. 369; *Sartorious* v. *Cohen*, 249 id. 31; " Declaratory Judgments," 1934, by Edwin Borchard.)

In *Baumann* v. *Baumann* (222 App. Div. 460) this court, concerning the section of the Civil Practice Act providing for a declaratory judgment, said: " The language of section 473 is general and all-embracing. It is provided that the Supreme Court shall have power in any action to declare rights and other legal relations on the request for such declaration, whether or not further relief is or could be claimed." This question of practice was affirmed by the Court of Appeals upon an appeal from a subsequent decision. (See 250 N. Y. 382, modifying 224 App. Div. 719.) The use of a declaratory judgment is in the discretion of the court, is dependent upon facts and circumstances rendering it useful and necessary, and that discretion must be exercised judicially and with care. (*James* v. *Alderton Dock Yards*, 256 N. Y. 298, 305.)

Upon the facts and circumstances disclosed in this case we think the remedy both useful and necessary. It has been so held in *Young Men's Christian Assn.* v. *City of New York*, with respect to

the validity of a regulation made by the comptroller under the same local law in which the same defenses were interposed (N. Y. L. J. Jan. 11, 1936, p. 200, Special Term, Part IV). While ordinarily the remedy of certiorari is proper and ample to test the validity of a tax or tax assessment, we think that in the unusual and extraordinary circumstances here disclosed the plaintiffs should not be restricted to that remedy. In *City Bank Farmers' Trust Co.* v. *New York Central R. R. Co.* (253 N. Y. 49) the Court of Appeals had before it a declaratory judgment involving the interpretation of the Tax Law of the State of New York. While the judgment was reversed on other grounds, if it was intended to disapprove the use of a declaratory judgment in any tax case it would seem reasonable to infer that the Court of Appeals would have so indicated.

The precedents cited by the city are readily distinguishable. They relate to remedies available to the *taxpayer*, whereas these plaintiffs are, in truth, tax collectors, as the tax is assessed on and paid by the ultimate purchaser. The cases cited are for the most part cases that relate to the litigants themselves, and have no public interest whatever, as in the case of disputed valuations on specific real property or capital stock or surplus. The case at bar, however, involves great numbers of the municipal population, namely, every seller of gasoline in the city of New York as well as every purchaser thereof, all of whom, under the mandate of article 88, are ordered to collect and to pay, respectively, a tax which exceeds the amount properly chargeable. Wide public interests are involved and a judicial declaration will be of public assistance affording warranted and needed relief to the purchasers and sellers of gasoline in the city of New York. For these reasons and because of the position of peril in which plaintiffs are placed, in view of the civil and criminal penalties imposed if they fail in their designated duties, and to avoid a multiplicity of suits and circuity of action, and because of the invalidity of the regulation so far as it is attacked, we consider that a declaratory judgment is the appropriate remedy to settle these controversies before they lead to the repudiation of obligations, the invasion of rights, or the commission of wrongs. It was accordingly reversible error for the court at Special Term to deny that portion of plaintiffs' motion which sought to strike out the first and second affirmative defenses as insufficient in law.

Accordingly a declaratory judgment is granted declaring article 88 null and void in so far as it purports to include in the receipts from a sale on which the sales tax is assessed, the New York State gasoline or motor fuel tax, and plaintiffs are under no legal duty to collect or remit to defendants taxes computed as aforesaid in accordance with said article 88 or any other regulation that purports to include within the said tax the New York State gasoline tax.

We do not, however, deem it necessary to grant the injunctive relief requested. Respondents admit that the issue presented is essentially one of law. We are certain that when the law is settled it will be obeyed by responsible public officials, that an injunction would be nothing more than a mere formality, and that it is not here necessary for one branch of the government to restrain another in order to obtain obedience for declared law. (*Stratton* v. *St. Louis S. W. R. Co.*, 282 U. S. 10.)

We think, too, that the defendants' denial of the allegation (paragraph thirty-fourth of the complaint) that defendants have been exacting and collecting the tax should be stricken out under rule 103 of the Rules of Civil Practice as sham, since the mere continued existence of article 88 under the color of right and authority constitutes a continuing threat to collect, exact and enforce the tax.

The court also erred in failing to consider the affidavit submitted in support of plaintiffs' motion to strike out, which motion the plaintiffs made under rule 103 simultaneously with their motion for judgment on the pleadings under rule 112. The affidavit was offered, not under rule 112 under which affidavits may not be received, but under rule 103, and the propriety of the affidavit under such rule is fully sustained. (*Fleischer* v. *Terker*, 259 N. Y. 60, 62, 63; *Flushing Manor, Inc.*, v. *Hotkin*, 234 App. Div. 716; *Sherling* v. *Gallatin Improvement Co., Inc.*, 237 id. 535.)

The judgment and orders appealed from should be reversed, with costs, and plaintiffs' motion for judgment on the pleadings, except as to the injunctive relief prayed for, should be granted to the extent above indicated; and plaintiffs' motion to strike out the affirmative defenses in the defendants' answer as insufficient in law, and to strike out defendants' denial, contained in the answer, of the allegations contained in paragraph thirty-fourth of the complaint should, in all respects, be granted.

Martin, P. J., Townley and Cohn, JJ., concur.

Judgment and orders appealed from unanimously reversed, with costs, and plaintiffs' motion for judgment on the pleadings, except as to the injunctive relief prayed for, granted to the extent indicated in opinion; and plaintiffs' motion to strike out the affirmative defenses in defendants' answer as insufficient in law, and to strike out defendants' denial, contained in the answer, of the allegations contained in paragraph thirty-fourth of the complaint, granted in all respects. Settle order on notice.