In the Matter of the Application of KESBEC, INC., Petitioner, for an Order of Certiorari against FRANK J. TAYLOR, as Comptroller of the City of New York, Respondent.

First Department, February 18, 1938.

*Charles Pratt Healy* of counsel [*Robert H. Scholl* with him on the brief, attorneys], for the petitioner.

*Paxton Blair* of counsel [*Sol Charles Levine* and *Bernard H. Sherris* with him on the brief; *Paul Windels, Corporation Counsel*], for the respondent.

O'MALLEY, J. The question presented for decision is whether the assessment against the petitioner by the comptroller of the city of New York under Local Law No. 24 (published as No. 25) of the New York City Local Laws of 1934 (New York City Sales Tax), in the respects hereinafter noted, was valid.

The answer depends upon whether the comptroller had the right to compel the petitioner to *remit* the amount of moneys collected by it from its customers during the last four months of 1935, in so far as they resulted from the inclusion of the New York State gasoline tax as part of the receipts from sales.

Petitioner as vendor collected from various vendees during the period in question the sales tax predicated, not only upon the primary cost of the gasoline sold, but also upon that portion of the charge which included the New York State gasoline tax. This amount so collected has been deposited (not paid) under protest.

It has been definitely decided that the inclusion of the amount of the New York State gasoline tax as part of the sales price upon which the New York city sales tax is to be computed is erroneous and invalid. (*Socony-Vacuum Oil Co., Inc.,* v. *City of New York,* 247 App. Div. 163; affd., 272 N. Y. 668.)

The comptroller maintains that, notwithstanding the decision cited, the petitioner, having collected this amount from its vendees, is required to pay it, since the petitioner collected as agent of the city.

With this contention we do not agree. It is to be noted that not only was the petitioner required to collect the proper tax from its vendees, but in addition, as vendor, had the further obligation to pay to the city the proper amount of the tax. By virtue of this latter obligation the petitioner, as vendor, is itself in a position of a taxpayer, and its liability is not measured by the amount actually collected. (*Matter of Atlas Television Co.*, 273 N. Y. 51, 57.) As provided for in the local law, the petitioner in its status as a taxpayer had the absolute right to a review of the assessment.

As to the agency theory in the matter of collection relied upon by the city, that could only obtain with respect to a valid and legal tax. There could be no agency for the collection of an illegal tax. (*Henry County* v. *Standard Oil Co.*, 167 Tenn. 485; 71 S. W. [2d] 683.) A void act or law confers no rights and imposes no duties. (*Van Antwerp* v. *State of New York*, 218 N. Y. 422, 427; *People ex rel. Farrington* v. *Mensching*, 187 id. 8, 22, 23.)

The comptroller, not being entitled to enforce the amount of this particular assessment, should not receive the moneys collected, but not remitted by the petitioner. The latter was under no obligation to collect, and was likewise under no obligation to remit. (*Socony-Vacuum Oil Co., Inc.*, v. *City of New York, supra.*)

The counsel for the comptroller urges that if the moneys here involved are returned to the petitioner, its vendees will not receive reimbursement for the reason that the petitioner in all likelihood has no record of customers to whom cash sales were made. Petitioner, however, contends that many of its sales were made to regular customers on credit and that with respect to these it can and will repay the illegal tax collected.

While this question is not material to our decision, the basis of which is that the comptroller had no power to assess as against petitioner, the vendees it seems to us have a more adequate remedy against the petitioner than against the city. The petitioner may make restitution either by a credit allowance or by a refund of the amount, or be subject to an action on the theory of money had and received. Any one of these would be simpler and broader than the procedure provided for in the local law.

It follows, therefore, that the determination of the comptroller should be annulled, with fifty dollars costs and disbursements to the petitioner, and an order issued in accordance herewith.

MARTIN, P. J., TOWNLEY, GLENNON and UNTERMYER, JJ., concur.

Determination unanimously annulled, with fifty dollars costs and disbursements to the petitioner, and an order to be issued in accordance with opinion. Settle order on notice.