[File No. 6706.]

STANDARD OIL COMPANY OF INDIANA, a Corporation, Respondent, v. STATE TAX COMMISSIONER OF THE STATE OF NORTH DAKOTA, Appellant.

(299 NW 447, 135 ALR 1481)

Opinion filed July 29, 1941

*Alvin C. Strutz,* Attorney General, *C. E. Brace,* Assistant Attorney General, and *T. A. Thompson,* for appellant.

*O'Hare, Cox & Cox,* for respondent.

CHRISTIANSON, J. The question presented on this appeal is whether in computing sales tax (Laws 1937, chap 249, Laws 1939, chap 234) on sales of gasoline exempted from the "motor vehicle fuel tax" (Laws 1939, chap 147), there should be included as a part of the sales price on which the sales tax is computed the one cent Federal excise tax on sales of gasoline (48 Stat at L 764, chap 277, 26 USCA § 3412). The laws of this state impose a license tax for the privilege of engaging in business as a dealer in motor vehicle fuel. The tax is measured by the number of gallons sold. Initiated Measure, Laws 1927, p. 547, Laws 1929, chap 166, Laws 1939, chap 170. The dealer is made liable for,

and required to pay, the tax on all motor vehicle fuel sold by him. He is permitted to charge and collect the amount of the tax as a part of the selling price, but he is not required to so do and may pay part or all of the tax on all sales or on any sale. Federal Land Bank v. De Rochford, 69 ND 382, 400, 287 NW 522, 530.

As originally enacted, the Motor Vehicle Fuel Tax Act made no provision for exempting any sales of motor vehicle fuel in the computation of the tax. The dealer was required to pay the prescribed tax on all sales made by him, but provision was made for a refund of the amount of the tax to a purchaser who had been required to pay the tax arising upon the sale of motor vehicle fuel that had been purchased and used for purposes other than the operation of motor vehicles upon the public highways or streets in the state.

In 1939, the Legislative Assembly abolished the system of refund formerly prevailing and provided that gasoline sold in this state to be used solely for agricultural and industrial purposes shall be exempt from the tax imposed on dealers in motor vehicle fuel for the sale of motor vehicle fuel, and provided for the issuance of licenses to persons who were shown to be eligible to purchase such tax exempt gasoline. Laws 1939, chap 147. Under the provisions of this latter act, a duly licensed dealer in motor vehicle fuel is authorized to sell gasoline to a person holding a license authorizing him to purchase such tax exempt gasoline, without such dealer being required to pay the prescribed tax for motor vehicle fuel; but the dealer is required to collect from the purchaser of such "tax exempt" gasoline the general sales tax prescribed by the law of this state, amounting to two per cent (2%) of the sales price. The act provides: "Delivery of tax exempt gasoline shall be made only from a duly licensed station and to a person permitted to buy tax exempt gasoline as provided in this act." Id. § 3. It further provides:

"The dealer shall issue receipts in triplicate for each sale of tax exempt gasoline, which receipt shall be in the form and colors prescribed by the State Auditor and shall show the date, name, residence, and license number of the dealer and the purchaser, and the number of gallons sold; each receipt shall be signed by the purchaser.

"Two of such triplicate receipts shall be retained by the licensed

seller and one shall be delivered to the licensed purchaser. One of said receipts shall be delivered to the dealer importing gasoline into the State of North Dakota and originally liable for the payment of the gasoline tax. The original of such receipts shall be accepted by the State Auditor in lieu of the payment by the dealer importing gasoline into the State of North Dakota of the gasoline tax provided by law to the extent of the number of gallons of gasoline shown on said receipts as having been sold for agricultural and industrial purposes to a licensed purchaser thereof." Id. § 4.

The laws of the United States impose "on gasoline sold by the producer or importer thereof or by any producer of gasoline, a tax of one cent a gallon,"—except in certain circumstances which are not material here. 48 Stat at L 764, chap 277, 26 USCA § 3412. (On July 1, 1940, the tax was increased from 1 cent to $1\frac{1}{2}$ cents by Act June 25, 1940, 54 Stat at L 522, chap 419.) The law of the United States imposing the tax requires that every person subject to the tax shall, before incurring any liability for such tax, register with the collector for the district in which is located his principal place of business, and shall give a bond, to be approved by such collector, "conditioned that he shall not engage in any attempt, by himself or by collusion with others, to defraud the United States of" such tax; "that he shall render truly and completely all returns, statements, and inventories required by law or regulations in pursuance thereof and shall pay all taxes due." 48 Stat at L 764, chap 277, 26 USCA § 3412. The regulations of the United States Treasury Department relative to the Federal excise tax on gasoline provides: *"When tax attaches:* In the case of a sale, the tax attaches at the instant the sale is made." Regulation 44, Art. 4, under Revenue Act of 1932, as amended.

In making sales of gasoline to a person holding a license authorizing him to purchase gasoline exempt from the motor vehicle fuel tax, the plaintiff issues a receipt showing a net price per gallon, the total amount of the sale based upon such net price; the amount of the North Dakota retail sales tax computed upon such sales price, and the amount of the Federal excise tax based upon the number of gallons sold. It is undisputed that all sales in question here were made, and the sales tax computed and collected, on the basis shown in the receipts. That is,

on all sales of gasoline exempt from motor vehicle fuel tax, the plaintiff collected from the purchaser (1) the amount of the net price, (2) the amount of the state sales tax computed on such price, and, (3) the amount of the Federal excise tax based upon the number of gallons sold. The State Tax Commissioner ruled that the amount of the Federal excise tax must be added to the net price as a basis for the computation of the state sales tax. Stated in other words, the State Tax Commissioner ruled that the state sales tax must be laid upon the amount collected by the plaintiff for Federal excise tax, as well as upon the net price paid by the purchaser for the gasoline. The plaintiff appealed to the district court of Burleigh county from the order of the State Tax Commissioner. See Laws 1937, chap 249, § 13. The district court ruled that the State Tax Commissioner was in error in requiring the plaintiff to pay a state sales tax upon the amount of the Federal excise tax which it had collected from purchasers of gasoline exempt from the motor vehicle fuel tax, and set aside the assessment by the State Tax Commissioner against the plaintiff for sales tax based on the amount of Federal excise taxes collected by the plaintiff on sales in this state. The State Tax Commissioner has appealed to this court from the decision of the district court.

The decision of the district court is correct and must be affirmed. Statutes levying taxes "are not to be extended by implication beyond the clear import of the language used. If the words are doubtful, the doubt must be resolved against the government and in favor of the taxpayer." United States v. Merriam, 263 US 179, 68 L ed 240, 44 S Ct 69, 71, 29 ALR 1547; Gould v. Gould, 245 US 151, 62 L ed 211, 38 S Ct 53; Hassett v. Welch, 303 US 303, 82 L ed 859, 58 S Ct 559; Goldberg v. Gray, 70 ND 663, 297 NW 124.

The State Sales Tax Act provides:

"There is hereby imposed, beginning the 1st day of July, 1939, and ending June 30th, 1941, a tax of two per cent (2%) upon the gross receipts from all sales of tangible personal property, consisting of goods, wares, or merchandise, except as otherwise provided in this act, sold at retail in the State of North Dakota to consumers and users: . . ." Laws 1939, chap. 234.

" 'Gross receipts' means the total amount of the sales of retailers,

valued in money, whether received in money or otherwise, provided, however, that discounts for any purposes allowed and taken on sales shall not be included, nor shall the sale price of property returned by customers when the full sale price thereof is refunded either in cash or by credit. Provided, further, that on all sales of retailers, valued in money, when such sales are made under conditional sales contract, or under other forms of sale wherein the payment of the principal sum thereunder be extended over a period longer than sixty (60) days from the date of sale thereof that only such portion of the sale amount thereof shall be accounted, for the purpose of imposition of tax imposed by this bill, as has actually been received in cash by the retailer during each quarterly period as defined herein." Laws 1937, chap. 249, § 1, subd. (f).

"Taxes paid on gross receipts represented by accounts found to be worthless and actually charged off, for income tax purposes may be credited upon subsequent payment of the tax herein provided; provided, that if such accounts are thereafter collected by the retailer, a tax shall be paid upon the amount so collected." Laws 1937, chap. 249, § 4.

These provisions speak for themselves and clearly evidence an intention that the seller shall collect for, and pay to, the state a sales tax of two per cent (2%) upon the gross receipts from all sales of tangible personal property, but that he shall not be required to collect or pay such tax except upon the sales price that he actually receives. Thus, the act provides that if a discount is allowed and taken, the amount of the discount shall be deducted and the sales tax computed only on the amount that is actually paid; and if the property is returned by the purchaser and the sales price is refunded, either in cash or by credit, the seller is not required to pay or account for a sales tax.

The Federal excise tax upon gasoline in question here is not a tax on the gasoline itself or on the manufacture, production or importation thereof, but is a tax only on the sale of the gasoline. Indian Motocycle Co. v. United States, 283 US 570, 75 L ed 1277, 51 S Ct 601; Standard Oil Co. v. State, 283 Mich 85, 94, 94, 276 NW 908, 912. "It is laid on the sale, and on that alone. It is levied as of the time of sale." Indian Motocycle v. United States (US) supra. "The tax attaches

at the instant the sale is made." U. S. Treasury Regulation 44, Art. 4, under the Revenue Act of 1932, as amended. The state sales tax likewise is a tax on the sale. No tax is laid either under the act of Congress or under the State Sales Tax Act until there is a sale. Both the Federal tax and the state tax are imposed upon the sale. Both taxes attach at the same time. Indian Motocycle Co. v. United States (US) supra; Standard Oil Co. v. State (Mich) supra. The instant the sale is made, the Federal Government says, "This sale is subject to, and there is laid upon it, a tax of one cent (now 1½ cents) for each gallon sold;" and the state says, "This sale is subject to, and there is laid upon it, a tax of two per cent on the total amount of the sales price 'valued in money, whether received in money or otherwise.' " In these circumstances it seems entirely clear that the amount of the Federal excise tax, thus collected by the seller from the buyer for payment to the Federal Government of the tax laid by it upon the sale, does not become part of the "gross receipts" realized by the seller from the sale within the purview of the State Sales Tax Act. The same conclusion has been reached by courts in other jurisdictions under quite similar or analogous statutes. Standard Oil Co. v. State (Mich) supra; Socony-Vacuum Oil Co. v. New York, 247 App Div 163, 287 NYS 288, affirmed 272 NY 668, 5 NE(2d) 385; Gulf Oil Corp. v. McGoldrick, Comptroller, 256 App Div 207, 9 NYS(2d) 544.

The order appealed from is affirmed.

BURR, Ch. J., and MORRIS, BURKE, and NUESSLE, JJ., concur.