45031. STATE OF GEORGIA v. THONI OIL MAGIC BENZOL GAS STATIONS, INC.

EBERHARDT, Judge. The State Revenue Commissioner made an assessement of taxes against Thoni, a gasoline dealer, which he contended to be due under the Sales and Use Tax Act (*Code Ann. Ch.* 92-34a) on gasoline sold through its retail stations. The assessment arose by reason of the fact that in calculating the sales tax to be paid on the gasoline sold, Thoni had not included as a part of the retail selling price the amount of the Federal excise tax imposed under 26 USCA § 4081, or the amount of the motor fuel tax levied under *Code Ann. Ch.* 92-14 by the State. It is the contention of the Commissioner that these taxes are imposed on the dealer and are a part of the retail sales price as defined by *Code Ann.* § 92-3402a, upon which the sales tax is levied. Thoni contends that the excise tax and the motor fuel tax are imposed upon sales to the consumer, are not properly a part of the retail sales price, and that if these are included in the calculation of the sales tax it results in a "tax on taxes," which is not authorized under the Sales and Use Tax Act. There was a levy under the assessment, and Thoni filed its affidavit of illegality, which the Commissioner traversed. The matter came on for hearing under an agreed statement of facts. Thoni moved for summary judgment, and from a sustaining of that motion the Commissioner appeals. *Held:*

1. *The Federal Excise Tax.* This tax is imposed under 26 USCA § 4081: "There is hereby imposed on gasoline sold by the producer or importer thereof, or by any producer of

gasoline, a tax of 4 cents a gallon." Producer is defined in § 4082 as including "a refiner, compounder, blender, or wholesale distributor, and a dealer selling gasoline exclusively to producers of gasoline, as well as a producer. Any person to whom gasoline is sold tax-free under this subpart shall be considered the producer of such gasoline."

The question here involved is whether this imposition of the tax occurs when the gasoline is sold by the retailer to the consumer, or at some prior time. There is no question but that the tax is, as a matter of general practice, passed on to the consumer and he bears the economic burden of it. The courts of some States find that the imposition, as contended by Thoni, is in fact and in truth on the consumer, and hence that it is not a part of the retail "sales price" of the gasoline on which a sales tax can be levied. Standard Oil Co. v. State Tax Commissioner of North Dakota, 71 N. D. 146 (299 NW 447, 135 ALR 1481); Tax Review Board of Philadelphia v. Esso Standard Division, 424 Pa. 355 (227 A2d 657); Standard Oil Co. v. State, 283 Mich. 85 (276 NW 908); Socony-Vacuum Oil Co. v. City of New York, 247 A. D. 163 (287 NYS 288); Kesbec, Inc. v. Taylor, 253 A. D. 353 (2 NYS2d 241); Gulf Oil Corp. v. McGoldrick, 256 A. D. 207 (9 NYS2d 544). Others conclude contrarily that the tax is imposed on the "producer" at a time prior to the retail sale, is not a tax on the incident of that sale, and thus that it is properly includable as a part of the retail sales price. Sun Oil Co. v. Gross Income Tax Division, 238 Ind. 111 (149 NE2d 115); Pure Oil Co. v. State of Alabama, 244 Ala. 258 (12 S2d 861, 148 ALR 260).

In *Undercofler v. Capital Automobile Co.*, 111 Ga. App. 709 (143 SE2d 206) we dealt with the matter of whether the Federal excise tax imposed on automobiles under 26 USCA § 4061 is properly includable as a part of the retail sales price for the purpose of calculating the retail sales tax, and concluded that it is, because "The manufacturer's excise tax upon automobiles (26 USC (IRC 1954) § 4061) is a tax liability resting directly upon the manufacturer. . . To the dealer it is an element of 'the cost of the property sold' within the meaning of the unambiguous language of *Code Ann.* § 92-3403a (E), and hence, to the purchaser, a part of the sales price, just as much so as the manufacturer's cost of raw materials and labor as elements figuring in the 'sales price' as defined by this Code section."

The imposition of the excise tax on automobiles in 26 USCA § 4061 is couched in language that is substantially the same as that used in imposing the excise tax on gasoline in 26 USCA § 4081. In the first instance it is imposed on vehicles "sold by the manufacturer, producer or importer." In the latter it is imposed on gasoline sold by "the producer or importer," and the producer is defined to include the "refiner, compounder, blender, or wholesale distributor." In neither instance does it appear that the tax is imposed on the incident of a sale made to the consumer.

For the reasons stated in *Undercofler v. Capital Auto. Co.,* 111 Ga. App. 709, supra, we conclude that the Federal excise tax is properly includable as a part of the retail sales price on which the sales and use tax is to be calculated.

2. *The Georgia Motor Fuel Tax.* Here we have a very different situation, and for reasons which we shall indicate we conclude that this tax is imposed upon the incident of the sale to the consumer and should not be included as part of the retail sales price for calculating the sales and use tax.

Although under *Code Ann.* § 92-1403 the tax "is hereby imposed on all distributors of motor fuel" at the rate of six and a half cents per gallon, there are other provisions of the Motor Fuel Tax Act which clearly indicate that the tax is in fact to be imposed on the consumer and that the seller collects and remits it as agent for the State. In § 92-1403 (C) it is declared that "It is the intention of the General Assembly that the consumer of the motor fuel bear the burden of the taxes imposed by this Chapter. No person who sells motor fuel in this State shall absorb the taxes imposed by this Chapter on the motor fuel sold," and it is further provided that every person who sells, at wholesale or at retail, must state separately the amount of the tax from the price of the fuel in all advertising, signs, price display signs, etc., and that the taxes are "added to the sales price."

The dealer is permitted, under *Code Ann.* § 92-1407 (E), a refund of two percent of the first five and a half cents per gallon of all taxes imposed by the State to cover losses in evaporation and *"expenses in collecting the tax for the State."* It is further provided under § 92-1403 (F) that the taxes imposed shall be a debt from the purchaser or consumer to the distributor, until paid, but, under § 92-1403 (C) if he does not collect and remit the taxes, he is liable for the payment thereof himself.

There is no prohibition against absorption of the Federal excise tax by the seller, but there is a prohibition against absorption of the State-imposed tax. The seller *must* pass it on to the consumer.

It has been held to be an imposition against the consumer in *Sloan v. Polk County*, 70 Ga. App. 707, 709 (29 SE2d 284); *Maynard v. Thrasher*, 77 Ga. App. 316, 319 (48 SE2d 471); *Undercofler v. Standard Oil Co.*, 111 Ga. App. 592, 597 (142 SE2d 298); *Hawes v. Shepherd Const. Co., Inc.*, 117 Ga. App. 842, 845 (162 SE2d 231). We do not overlook the amendment of 1966 (Ga. L. 1966, p. 61) whereby there was some revising of the wording of § 92-1403 (C), but we do not regard the revision as effecting any change in the status of the seller as an agent of the State in collecting the tax, or as changing the imposition of the tax. It simply made definite and clear where the burden of the tax should fall.

We do not overlook the cases of *Oxford v. J. D. Jewell, Inc.*, 215 Ga. 616 (112 SE2d 601) and *Williams v. Bear's Den, Inc.*, 214 Ga. 240 (104 SE2d 230) in which the Supreme Court held the sales tax to be imposed by statute on the retailer. But that is not the question at issue. The motor fuel tax is imposed by a separate statute and by the use of very different terms and provisions, and our judgment must rest upon where the imposition of that tax falls. We do not regard the holdings in *Jewell* or *Bears' Den* as requiring a different result.

Judgment reversed as to the Federal Excise Tax and affirmed as to the Georgia Motor Fuel Tax inclusion as a part of the sales price for calculation of sales and use taxes.

*Judgment reversed in part; affirmed in part. Jordan, P. J., and Pannell, J., concur.*

ARGUED JANUARY 9, 1970—DECIDED MARCH 6, 1970—
REHEARING DENIED MARCH 20, 1970—

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, William L. Harper, H. Perry Michael, Assistant Attorneys General,* for appellant.

*Charles L. Weltner,* for appellee.

*Sutherland, Asbill & Brennan, D. R. Cumming, Jr., Walter H. Wingfield, Carey P. DeDeyn,* amicus curiae.