Mellon Square Garage, Inc., Appellant, *v.* Public Parking Authority of Pittsburgh.

230

Argued October 8, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

reargument refused April 20, 1971.

*Paul H. Titus,* with him *Samuel Kaufman, Bernard D. Marcus,* and *Kaufman & Kaufman,* for appellant.

*William J. Staley,* with him *Richard B. Tucker, Jr., Donald P. Eriksen,* and *Tucker, Burke, Campbell & Arensberg,* for appellee.

OPINION BY MR. JUSTICE ROBERTS, March 18, 1971:
The central issue presented by this appeal is whether, for purposes of computing rent due under a sublease between the parties, the Pittsburgh Parking Tax is a "sales or other similar tax." We affirm the order of the court of common pleas holding the tax did not qualify as a "sales or other similar tax" and dismissing appellant's complaint for failure to state a cause of action.

It is settled that in an appeal from the sustaining of preliminary objections by a defendant in the nature of a demurrer, every well pleaded material fact set forth in the complaint and every inference reasonably deducible therefrom is admitted for purposes of appeal. *Schott v. Westinghouse Electric Corp.*, 436 Pa. 279, 259 A. 2d 443 (1969); *DiBelardino v. Lemmon Pharmacal Co.*, 416 Pa. 580, 208 A. 2d 283 (1965); *Weber v. Bell Tel. Co. of Pa.*, 415 Pa. 292, 203 A. 2d 554 (1964). Therefore, for this appeal, we will deem the following allegations in appellant's complaint to be true.

Appellant, Mellon Square Garage, Inc., operates a parking garage in the City of Pittsburgh as a tenant of the Public Parking Authority of Pittsburgh. By the terms of an agreement dated May 1, 1961 whereby appellant acquired the rights to operate the garage, both appellant and the Authority agreed that their sub-lessor-sublessee relationship was to be controlled by a 1953 sublease that had existed between the Authority and a prior tenant.

The sublease requires that Mellon Square Garage pay the Authority varying percentages of its annual "gross receipts" as rent. In 1955, the sublease was amended to include the following: "Gross receipts shall include all amounts actually received by the tenant for all services rendered and commodities sold by it. . . . The amount of sales or other similar tax required to be collected by the Tenant or Subtenants as collecting agent for a taxing authority upon any sale or activity conducted by Tenant or Subtenants shall not be included in determination of gross receipts." The amendment was incorporated into the 1961 agreement.

In 1962, the City of Pittsburgh enacted a Parking Tax Ordinance effective February 1, 1963, which imposed ". . . [a] tax for general revenue purposes . . . upon all transactions of each operator with respect to

each commercial parking place, at the rate of ten per cent (10%) of the gross receipts from all such transactions received upon and after the effective date of this ordinance. . . ."*

Between 1963 and 1968, Mellon Square Garage did not deduct the parking tax in computing its "gross receipts" for purposes of determining the proper rent to be paid the Authority. Then in 1970 appellant filed a complaint in assumpsit demanding $45,732.52 from the Authority, which is the difference between the amount actually paid to the Authority and the amount that would have been paid as rent had Mellon Square Garage deducted the parking tax from its "gross receipts" figure each year.

The Authority filed a preliminary objection in the nature of a demurrer. The court of common pleas sustained the demurrer, holding that the parking tax is not a "sales or other similar tax" and therefore is not excludible from "gross receipts" by the terms of the sublease. The court also noted that from 1963 to the date of this action, the parties had agreed on the interpretation of the sublease which did not treat the tax as a deduction in computing "gross receipts." It is the correctness of this holding that we must evaluate.

The task of characterizing a particular tax is not new to this Court. Here, we have two realistic choices: the City of Pittsburgh parking tax is either a "sales or other similar tax," or else some species of mercantile tax.

A sales tax is imposed upon a transaction whereby property is acquired. *Blauner's Inc. v. Philadelphia,* 330 Pa. 340, 347, 198 Atl. 889, 892 (1938). Usually the tax is on the purchaser, and the vendor acts as merely a collecting agent for the taxing authority. *Tax*

---

* The rate of tax was raised to fifteen percent (15%) in 1969, and twenty percent (20%) in 1970.

*Review Board v. Esso Standard Division,* 424 Pa. 355, 227 A. 2d 657 (1967). See, e.g., Tax Act of 1963 for Education, Act of March 6, 1956, P. L. (1955) 1228, art. II, §201, as amended, 72 P.S. §3403-201(a) (imposing a five percent retail sales tax, ". . . which tax shall be collected by the vendor from the purchaser . . ."). However, it is not absolutely essential that the tax be on the purchaser. See *Blauner's Inc. v. Philadelphia,* supra at 345, 198 Atl. at 891.

A mercantile tax, on the other hand, is a ". . . tax upon the privilege of transacting business measured by the gross volume of business annually transacted." *Commonwealth v. National Biscuit Co.,* 390 Pa. 642, 662, 136 A. 2d 821, 831 (1959) (concurring opinion by Justice [now Chief Justice] BELL). See also *Commonwealth v. McKinley-Gregg Automobile Co.,* 345 Pa. 544, 28 A. 2d 919 (1942) ; *Commonwealth v. Globe Furnishing Co.,* 324 Pa. 180, 188 Atl. 170 (1936) ; *Commonwealth v. Harrisburg Light & Power Co.,* 284 Pa. 175, 130 Atl. 412 (1925) ; *H. J. Heinz Co. v. School District of Pittsburgh,* 170 Pa. Superior Ct. 441, 87 A. 2d 85 (1952).

Employing the above distinction, we are persuaded the parking tax does not qualify as a "sales or other similar tax" under the sublease. The parking tax is imposed on ". . . all transactions of each operator . . ." and is computed by taking a fixed percentage of the "gross receipts." We believe the ordinance more closely resembles a tax on the privilege of doing business than one on the sales of each parking space.

If Mellon Square Garage were merely a collector of the tax from its patrons, its argument would be persuasive. Appellant points to its having to maintain special records on each parking transaction for tax purposes as indicative of the City's intention that the burden of the tax be placed on the parking public. How-

ever, as we noted in *Tax Review Board v. Esso Standard Division,* supra: "... the mere fact the tax is passed on to the purchaser does not determine upon whom the tax is imposed. The economic burden of all taxes incident to the sale of merchandise is traditionally so passed on as part of the 'overhead.' In the same category is the circumstances of the purchaser receiving an invoice, separately listing the tax involved. Invoices of bookkeeping cannot change the nature or incidence of the tax." Id. at 358, 227 A. 2d at 658.

The order of the Court of Common Pleas of Allegheny County dismissing the complaint is affirmed.

Mr. Justice Cohen took no part in the decision of this case.