## 47932. BLACKMON v. PREMIUM OIL STATIONS, INC.

BELL, Chief Judge. Plaintiff sought a refund of sales tax paid on gasoline it sold between April, 1967 and September, 1970. The theory of recovery was based on the holding in *State of Ga. v. Thoni Oil &c. Stations,* 121 Ga. App. 454 (174 SE2d 224). The complaint alleged that the claim for refund for these taxes was timely filed. The State Revenue Commissioner, as a part of his answer, pleaded that the recovery of any refund for the taxable periods of April, 1967 through July, 1968, was barred by the statute of limitation. Plaintiff's motion for summary judgment was granted. The court's judgment, in addition to granting the amount claimed in the complaint, also stated "That the defendant . . . is estopped to assert any statute of limitation relative to any portion of the amount sued for." *Held:*

1. (a) The defendant revenue commissioner was not estopped from relying upon the three year limitation period for tax refund claims prescribed by Code Ann. § 92-8436 (b); *Henderson v. Carter,* 229 Ga. 876 (195 SE2d 4). There is no merit in the argument that the plaintiff was precluded from filing a timely

claim within the statutory period because the commissioner had not supplied a refund form in reply to the company's request. Even if the state could be estopped, which it cannot be under *Henderson* and numerous other cases, the commissioner's failure to supply the refund forms under the facts here would not constitute an estoppel. It was shown that these forms were available to the public at the defendant's office in Columbus, plaintiff's residence, as well as Atlanta. The plaintiff cannot assert that the delay in obtaining a refund form was the commissioner's fault.

The trial court erred in holding that the defendant was estopped from asserting the statutory bar as to part of the claim.

(b) Neither is there merit in the assertion that the revenue commissioner has been guilty of a fraudulent statement of facts and that the period of limitation should accordingly run only from the time of the discovery of the fraud. This claim of fraud is based upon an interpretation of law pronounced by the commissioner prior to the *Thoni* decision. Misrepresentations as to a question of law cannot constitute remediable fraud. *Brown v. Mack Trucks, Inc.,* 111 Ga. App. 164, 166 (141 SE2d 208).

2. (a) Only the party who actually paid the taxes is entitled to claim a refund. *Atlanta Americana &c. Corp. v. Undercofler,* 222 Ga. 295 (1) (149 SE2d 691). While plaintiff supported its motion by evidence that it was a taxpayer and not a collector, there is other evidence in the record which would authorize a jury to find to the contrary. Thus, a disputed issue of material fact is presented. Plaintiff argues that the cases of *Williams v. Bear's Den, Inc.,* 214 Ga. 240 (104 SE2d 230) and *Oxford v. J. D. Jewell, Inc.,* 215 Ga. 616 (112 SE2d 601) supports the proposition that it was a taxpayer as a matter of law. These cases were decided under the original Georgia Retailers and Consumers Use Tax Act (Ga. L. 1951, p. 360; Code Ann. § 92-3401a et seq.). Thus *Bear's Den* and *Jewell* no longer represent the law as they were decided prior to the 1960 amendment which imposed the sales tax primarily on the purchaser. Ga. L. 1960, pp. 153, 154 (Code Ann. § 92-3402a (a)); *Hawes v. Phillips,* 122 Ga. App. 714 (178 SE2d 759).

(b) The evidence shows that through this entire period every sales tax filed by the claimant also contained a claim for the dealer's compensation for collecting the tax. Compensation granted a dealer is not allowable for one's own tax liability. *Atlanta Americana &c. Corp. v. Undercofler,* 222 Ga. 295 (1), supra.

Certainly, this would support a finding by the jury that this was an admission of the claimant that he was merely a collector and not a taxpayer.

(c) A jury issue is presented as to whether plaintiff was a taxpayer by the appearance in evidence of the fact that the claimant's gas pumps clearly displayed a statement that the price "includes 10-1/2 cents on each gallon plus 3% sales tax" or that "all taxes are included."

(d) Still another jury question is presented by the complicated formula under which both sides admit the taxes were computed. This formula is subject to the construction urged by the state that the claimant, through this formula, did in fact collect the sales taxes from customers. The jury would be so authorized to find.

The trial judge erred in granting summary judgment.

*Judgment reversed. Hall, P. J., Eberhardt, P. J., Pannell, Quillian, Evans, Clark and Stolz, JJ., concur. Deen, J., dissents.*

ARGUED FEBRUARY 6, 1973 — DECIDED APRIL 25, 1973 — REHEARING DENIED JUNE 6, 1973 — 

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Richard L. Chambers, Timothy J. Sweeney, Assistant Attorneys General,* for appellant. *Willis & Murrah, W. Stanford Willis,* for appellee.

DEEN, Judge, dissenting. In my opinion the evidence demands a finding that appellee is entitled to a refund of the tax paid in error in compliance with the directive of the State Revenue Commissioner, as the state was not entitled thereto under the decision in *State of Ga. v. Thoni Oil &c. Stations,* 121 Ga. App. 454 (174 SE2d 224). I further am convinced by the evidence that there was no price change after the commissioner demanded and received the excess tax, and that sales tax was not added to retail sale price, that the taxpayer did not "collect" the excess tax from customers, but advanced this sum out of what would otherwise have been its profits. I therefore disagree with the second division of the opinion.