RODGERS, Presiding Justice.
This is an appeal from the Chancery Court of the First Judicial District of Hinds County, Mississippi, by Gurley Oil Company. Gurley filed suit originally to recover state sales taxes allegedly collected improperly because of the inclusion of federal and state excise taxes within gross proceeds of sales. Subsequently, appellant brought another suit in the same court seeking to enjoin the State Tax Commission from collecting sales taxes on retail sales of gasoline made at certain non-owned retail grocery stores in this state. The two suits were consolidated for trial. Both parties stipulated the amounts recoverable, should the court rule in their favor. The chancellor entered a final decree on July 28, 1972, finding Gurley not to be entitled to the relief for which he prayed. The court ordered the prayer for refund dismissed and refused to enjoin the Tax Commission. Judgment was entered against the complainant, Gurley, in the amount of twenty-nine thousand one hundred thirty-one dollars and nineteen cents ($29,131.19), since that amount was stipulated to be the amount of tax due.
Gurley now appeals and assigns as error the following: The lower court erred as a matter of law in dismissing appellant’s bill of complaint for sales tax refunds based upon its determination that the Mississippi excise tax on gasoline and the federal ex-cist tax on gasoline were properly includa-ble within the gross proceeds of sales upon which the Mississippi sales tax on gasoline is based.
These are the facts: W. M. Gurley, d/b/a Gurley Oil Company, operates as an importer, distributor and retailer of gas-olihe, diesel fuel, and petroleum products. His office and principal place of business is located in West Memphis, Arkansas. Gurley owns and operates five (5) retail service stations in Mississippi and also sells gasoline through several grocery store locations in Mississippi on a consignment basis. Gurley is qualified as a distributor of gasoline with the Mississippi Motor Vehicle Comptroller. He imports into this state gasoline and diesel fuel which he purchases from producers in Arkansas and Tennessee, and distributes this fuel for sale at his retail stations and consignment locations.
The federal excise tax on the sale of gasoline [26 U.S.C.A. § 4081] is paid twice monthly by Gurley, based on the number of gallons sold in the time period involved.
The Mississippi excise tax on gasoline is paid by Gurley on a monthly basis, also calculated by a charge per numbei of gallons sold.
*870 The State Tax Commission collected a five percent (5%) sales tax on the gross proceeds of sale from Gurley’s retail stations on all merchandise sold, including gasoline and oil. Gurley then initiated this action against the State Tax Commission to recover a portion of the sales taxes, alleging that the federal and state excise taxes on the sale of gasoline were improperly included within the gross proceeds of sales for purposes of computing the sales tax.
 The question presented is whether or not the federal and state excise taxes on the sale of gasoline are included as part of gross proceeds of sales for the purpose of computing sales tax liability of appellant on the retail sale of such gasoline. It is argued that the determinative issue is whether or not the federal and state excise taxes are imposed on the seller/producer for the privilege of selling gasoline or whether or not the tax is upon the consumer in the nature of a use tax. It is said that if the taxes fall upon the consumer or the incidence of the sale by the retailer to the consumer, they should not be included as part of the retail sale price for computing the State’s sales tax. If, on the other hand, the tax is imposed upon the producer at a time prior to the point of retail sale or other consumer transaction, it is an element of the cost of the property sold and should be included as part of the retail sale price for calculating the sales tax.
Although the federal and state excise taxes on gasoline are similar in form and purpose, they are more properly considered separately for purposes of discussion.
First — let us consider whether, under the provisions of the Mississippi Sales Tax Law, the federal excise tax on gasoline sold by appellant is properly includable as a part of the gross proceeds of sales. The Mississippi Sales Tax Law, Sections 10103 et seq., Mississippi Code 1942 Annotated (Supp.1972) [now Mississippi Code Annotated § 27-65-1 et seq. (1972)] imposes a tax equal to five percent (5%) of the gross proceeds of the retail sales of any business within the State of Mississippi selling any tangible personal property.
The federal excise tax on gasoline is found in 26 U.S.C.A. § 4081: “There is hereby imposed on gasoline sold by the producer or importer thereof, or by any producer of gasoline, a tax of 4 cents a gallon.”
The precise issue is whether or not the federal excise taxes collected pursuant to § 4081, supra, are subject to sales tax by the State of Mississippi.
The appellant’s position is that the federal excise tax is intended to be a use tax with the incidence of the tax falling on the consumer/purchaser. It is argued that the congressional intent behind the Excise Tax Reduction Act of 1965 supports this position.
There seems to be a division of authorities as to whether or not the federal excise tax is a use tax with the incidence falling on the purchaser of gasoline, or whether or not it is to be considered as a part of the cost of the merchandise.
Some of the courts hold that the tax is not on the gasoline itself, nor on the producer/manufacturer, nor part of the cost or gross receipts of the seller, but falls upon the buyer/consumer.[1] On the other hand, other courts have concluded that the federal excise tax must be included in the gross receipts as a part of the cost base of the merchandise for the purpose of determining the amount of the state sales tax.[2]
*871 Second — let us now consider whether or not the Mississippi' excise tax falls on the producer or the customer/consumer under our Mississippi law. Section 10013-06, Mississippi Code 1942 Annotated (Supp. 1972) was effective until January 1, 1970, but at that time Section 10076-05, Mississippi Code 1942 Annotated (Supp. 1972) was enacted so as to increase the amount of excise tax to eight cents (8‡) per gallon. The foregoing tax was brought forward into the Mississippi Code 1972 Annotated as § 27-55-11. The first and last paragraphs of this section are as follows:
“Any person in business as a distributor of gasoline, or who acts as a distributor of gasoline, as defined in this article, shall pay for the privilege of engaging in such business or acting as such distributor an excise tax equal to eight cents per gallon on all gasoline stored, sold, distributed, manufactured, refined, distilled, blended, or compounded in this state or received in this state for sale, use on the highways, storage, distribution, or for any purpose.
* * * * * *
With respect to distributors or other persons who bring, ship, have transported, or have brought into this state gasoline by means other than through a common carrier, the tax accrues and the tax liability attaches on the distributor or other person for each gallon of gasoline brought into the state at the time when and at the point where such gasoline is brought into the state.” Miss.Code Ann. § 27-55-11 (1972).
A study of the state excise tax indicates that it, like the federal excise tax, has undergone a vacillating travail.
In the case of Panhandle Oil Company v. Mississippi ex rel. Knox, 277 U.S. 218, 48 S.Ct. 451, 72 L.Ed. 857 (1928), the State of Mississippi attempted to collect excise taxes for the sale of gasoline to the United States for its operation of the United States Coast Guard fleet and the Veterans Hospital. The case was appealed to the United States Supreme Court, and in a 4 to 3 decision, that Court held that the state excise tax was on the consumer and since the federal government was the consumer, the State could not collect this tax.
Mr. Justice Holmes wrote a strong dissent in which he asserted that the incidence of the tax was on the seller.
The Panhandle case, supra, was apparently overruled in the case of Alabama v. King and Boozer, 314 U.S. 1, 62 S.Ct. 43, 86 L.Ed. 3 (1941).[3] In this case, the respondents King and Boozer sold lumber on the order of “cost-plus-a-fixed-fee” contractors for their use in constructing an army camp for the United States.
The issue there was whether or not the Alabama sales tax, with which the seller was chargeable, but which he was required to collect from the buyer, infringed any constitutional immunity of the United States from state taxation. The Supreme Court held that the contractors and not the United States were the purchaser of the lumber. The reasoning in the Panhandle case was considered by the Supreme Court in the Alabama case, supra, and was found to be no longer tenable. See United States v. Sharp, D.C., 302 F.Supp. 668 (1969).
Appellant argues, however, that Panhandle was reinstated by the United States Supreme Court in the case of Kern-Limerick, *872 Inc. v. Scurlock, 347 U.S. 110, 74 S.Ct. 403, 98 L.Ed. 546 (1954), an Arkansas case.
The facts in Kern-Limerick, supra, are somewhat similar to the King and Boozer case, supra, but the property purchased in the Arkansas case became the property of the United States. A contractor purchased tractors for use in constructing' an ammunition dump for the United States. The question for decision was whether the contractor or the United States was the true purchaser for purposes of payment of the Arkansas Gross Receipts Tax. Mr. Justice Reed, writing for the majority, found King and Boozer to be distinguishable. The Court said:
“We find that the purchaser under this contract was the United States. Thus, King & Boozer is not controlling for, though the Government also bore the economic burden of the state tax in that case, the legal incidence of that tax was held to fall on the independent contractor and not upon the United States.” 347 U.S. at 122, 74 S.Ct. at 410-411, 98 L.Ed. at 556-557.
Since the United States was the true purchaser under that contract, the doctrine of sovereign immunity prevented Arkansas from applying its tax.
Contrary to appellant’s assertions, the Kern-Limerick case does ’ not specifically cite Panhandle in support of its decision, nor does it seem to change the effect of the King and Boozer decision. The reason the Court reached a different result in Kern-Limerick was that it found that the economic burden and the legal incidence of the tax fell on the United States, whereas in King and Boozer, the Court found that although the economic burden of the tax was on the United States, the legal incidence o-f the tax fell on the contractor. Therefore, the appellant’s contention that the Panhandle case was revived by Kern-Limerick must fail, since the Court still holds that where only the economic burden (and not the legal incidence) of a tax falls on the United States, the doctrine of sovereign immunity is not applicable.
The appellant earnestly argues that the Mississippi Supreme Court has previously passed upon the issue here submitted in the case of State v. Republic Oil Refining Co., 202 Miss. 688, 32 So.2d 290 (1947), since the writer of that opinion referred to the state excise tax as a “use tax”. That issue was not before the court in the Republic Oil Refining Co. case and is obiter dictum without study, and is not authority on the issue here involved.
We do not consider that the cases of American Oil Company v. Mahin, 49 Ill.2d 199, 273 N.E.2d 818 (1971); State v. Thoni Oil Magic Benzol Gas, Inc., 121 Ga.App. 454, 174 S.E.2d 224 (1970); Socony-Vacuum Oil Co. v. City of New York, 247 App.Div. 163, 287 N.Y.S. 288 (1936); nor Kesbec, Inc. v. Taylor, 253 App.Div. 353, 2 N.Y.S.2d 241 (1938) are authority for the contention of the appellant that the incidence of the excise tax in Mississippi falls on the consumer/purchaser, because all of these cases are based upon state statutes, some of which expressly make the producer the tax collector for the state. For example, the Georgia Code Annotated § 92-1403(C) reads: “No person who sells motor fuel in this State shall absorb the taxes imposed by this chapter on the motor fuel sold

This brings us to the two cases more nearly in line with the consensus of this Court. In the case of United States v. Sharp, D.C., 302 F.Supp. 668 (1969), previously cited, the United States filed suit to obtain a declaratory judgment against Mississippi declaring that the gasoline tax imposed on gasoline distributors for gasoline purchased by the federal government was void. A three-judge court held that the Mississippi tax and federal excise tax on gasoline were not taxes on the consumer, and did not afford immunity to the *873 United States except where specified exemptions were granted the United States.
Finally — in the case of Martin Oil Service, Inc. v. Department of Revenue, 49 Ill.2d 260, 273 N.E.2d 823 (1971), the Supreme Court of Illinois had before it the identical question under similar facts, and apparently, identical arguments were made as to the occupational tax of that state and the excise tax of the federal government. The trial court held the producer liable. In Martin, supra, the court said:
“Our conclusion that an increase in the sales price caused by the Federal gasoline tax is not deductible by any retailer, including a producer-retailer, from the gross receipts makes it unnecessary for us to consider whether a preference given a producer-retailer in this regard would be constitutional.
For the reasons given, the judgment of the circuit court of Cook County is affirmed.” 49 Ill.2d at 269, 273 N.E.2d at 829.
In Martin, supra, the court pointed out that:
“The operative words of the Federal statute are: ‘There is hereby imposed on gasoline sold by the producer or importer thereof, or by any producer of gasoline, a tax of 4 cents a gallon.’ (26 U. S.C. sec. 4081) A sale from a producer to another licensed producer is exempted from the tax. (26 U.S.C. sec. 4083) It is not disputed that the duty to remit the tax is on the producer.” 49 Ill.2d at 261-262, 273 N.E.2d at 825.
The court went on to illustrate its conclusion that the incidence of the federal excise tax fell on the producer rather than the consumer/purchaser as follows:
“The validity of this view can be illustrated by the consideration that if the tax is not paid by the producer, he is the only one from whom the government may seek to collect the tax. Significantly the statute does not impose any liability on the purchaser-consumer if the gasoline tax is not remitted by the producer. It is irreconcilable to say that the legal incidence of the tax is on the consumer-purchaser and to say that he is not liable for the tax.” 49 Ill.2d at 263, 273 N.E. 2d at 826.
We are also convinced that the incidence of both the federal and the state excise tax falls upon the producer. In fact, Mississippi Code Annotated § 27-55-11 (1972) states that the tax accrues and the tax liability attaches on the distributor for each gallon of gasoline brought into the state.
We must conclude, therefore, that the trial court was correct in refusing to order a refund of sales taxes previously paid by Gurley. The court was also correct in refusing to enjoin the Mississippi State Tax Commission from the collection of the sales tax from W. M. Gurley since the incidence of the federal and state excise tax burden fell upon him. The judgment in favor of the Mississippi State Tax Commission against the appellant, W. M. Gur-ley, is hereby affirmed.
Affirmed.
PATTERSON, SMITH, ROBERTSON and SUGG, JJ., concur.

. Tax Review Board of Philadelphia v. Esso Standard Division of Humble Oil and Refining Co., 424 Pa. 355, 227 A.2d 657 (1967); Standard Oil Co. v. State Tax Com’r, 71 N.D. 146, 299 N.W. 447 (1941); Standard Oil Company v. State, 283 Mich. 85, 276 N.W. 908 (1937); Indian Motorcycle v. United States, 283 U.S. 570, 51 S.Ct. 601, 75 L.Ed. 1277 (1930).

. Martin Oil Service, Inc. v. Department of Revenue, 49 Ill.2d 260, 273 N.E.2d 823 *871 (1971); State v. Thoni Oil Magic Benzol Gas Stations, Inc., 121 Ga.App. 454, 174 S.E.2d 224 (1970); Sun Oil Company v. Gross Income Tax Division, 238 Ind. 111, 149 N.E.2d 115 (1958); Pure Oil Company v. State, 244 Ala. 258, 12 So.2d 861 (1943).

. Justice Stone [one of the dissenting justices in Panhandle] had this to say for the majority of the court-: “The asserted right of one to be free of taxation by the other [government against state] does not spell immunity from paying the added costs, attributable to the taxation of those who furnish supplies to the Government and who have been granted no tax immunity. So far as a different view has prevailed, see Panhandle Oil Co. v. Mississippi and Graves v. Texas Co., supra [298 U.S. 393, 56 S.Ct. 818, 80 L.Ed. 1236], we hold it no longer tenable.” 314 U.S. at 9, 62 S.Ct. at 45, 86 L.Ed. at 6.