## Industrial Food Service, Inc., *v.* Pittsburgh, Appellant.

Argued April 17, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*J. F. McKenna, Jr.,* First Assistant City Solicitor, with him *Anne X. Alpern,* City Solicitor, for City of Pittsburgh and Treasurer, appellants.

*Oscar G. Peterson,* Assistant Solicitor, with him *Mortimer B. Lesher,* Solicitor, and *Niles Anderson,* Assistant Solicitor, for School District of Pittsburgh and Treasurer, appellants.

*Carl E. Glock, Jr.,* with him *Reed, Smith, Shaw & McClay,* for appellee.

OPINION BY DITHRICH, J., July 17, 1952:

Industrial Food Service, Inc., plaintiff-appellee, a Pennsylvania corporation, is engaged in operating restaurants and cafeterias at several locations within the City and School District of Pittsburgh. Ordinance No. 488 of the City, hereinafter referred to as the Ordinance, enacted pursuant to the Act of June 25, 1947, P. L. 1145, §1 et seq., as amended, 53 PS §2015.1 et seq., and Act No. 320, hereinafter referred to as the Act, Act of June 20, 1947, P. L. 745, §2, as amended, 24 PS §582.2, provide for the issuance of mercantile licenses and the levy and collection of an annual mercantile license tax by the City and School District respectively. The provisions of the Ordinance are, in all material respects, identical with the provisions of the Act, except that the rate of the City tax is two mills and that of the School District one mill.

Section 5 of the Act provides in part: "(a) Every person, subject to the payment of the tax hereby imposed who has *commenced his business* at least one (1) full year prior to the beginning of any license year shall compute his annual gross volume of business upon the actual gross amount of business transacted by him during the preceding calendar year.

"(b) Every person, subject to the payment of the tax hereby imposed, who has *commenced his business* less than one (1) full year prior to the license year one thousand nine hundred forty-eight, for the license year one thousand nine hundred forty-eight, or who has *commenced his business* subsequent to the beginning of any license year for such license year and the succeeding license year, shall compute his annual gross volume of business upon the actual gross amount of business transacted by him during the first month of

his engaging in such business, multiplied by the number of months of the current license year remaining, or multiplied by twelve (12) for the first full license year he engages in business, as the case may be."[1] (Italics supplied.)

Prior to March 15, 1948, plaintiff made mercantile license tax returns to the City and School District and paid tax for the license year 1948, based upon the total gross receipts from its various restaurant locations which operated during all of 1947, but made no return and paid no tax for 1948 on account of its restaurant location, called Paragon Lunch, where operations were commenced January 13, 1948.

Prior to March 15, 1950, plaintiff made mercantile license tax returns and paid tax for the license year 1950, based upon total gross receipts from its various restaurant locations which operated during all of 1949, plus receipts from its restaurant location, called Horne's Soda Grill, for that part of 1949 subsequent to October 17, the date when plaintiff commenced operations at that location. Plaintiff made no mercantile license tax return for 1949, nor did it pay a tax for 1949 on account of Horne's Soda Grill. However, the 1949 tax is not in issue here.

On July 26, 1950, the City and School District assessed additional taxes against plaintiff for the year 1948 on account of Paragon Lunch and for the year 1950 on account of Horne's Soda Grill on the basis that in opening each of the two restaurants plaintiff commenced new businesses subject to tax under the formula set forth in section 5 (b) of the Act and section 5 (b) and (c) of the Ordinance.

On account of Paragon Lunch, plaintiff's tax base of gross receipts for the license year 1948 was increased

---

[1] Subsections (b) and (c) of section 5 of the Ordinance correspond with this subsection.

in the amount of $314,258.05, arrived at by multiplying the first month's receipts by 11-19/31, and additional tax was claimed in the principal amounts of $628.52 and $314.26. On account of Horne's Soda Grill, plaintiff's tax base of gross receipts for the license year 1950 was increased in the amount of $147,-309.68, arrived at by multiplying the first month's receipts by 12 and deducting from the product the 1949 receipts previously reported. Additional tax was claimed in the principal amounts of $294.62 and $147.31.

Plaintiff paid the taxes claimed but filed petitions for appeal against the School District and bills in equity against the City. The defendants filed preliminary objections in the nature of demurrers in each case. The facts being undisputed and a single legal question being involved, the four cases were argued together before the court en banc which declared the reassessments null and void. The preliminary objections, therefore, were dismissed, the appeals against the School District were sustained, and the City was enjoined from attempting to collect the reassessments.

The fundamental question raised by these appeals is whether, under section 5 (b) of the Act and section 5 (b) and (c) of the Ordinance, a "person" who has been engaged in the business of conducting restaurants at several locations commences a new and separate restaurant business when he opens an additional restaurant at a new location.

Section 4 of the Act and the Ordinance provides in part: "Every person engaging in any of the following occupations or businesses . . . [conducting restaurants] shall pay an annual mercantile license tax . . .". "Person" is defined in both the Act and the Ordinance as "any individual, partnership, limited partnership, association or corporation."

When section 4 and section 5 are read together, it is self-evident that the tax shall be imposed upon appellee as a "person" engaging in the business of conducting restaurants without regarding each of its restaurants as separate businesses. We agree with and adopt the following from the opinion of the court below: "The plaintiff was in the restaurant and cafeteria business, located at several different places in the City of Pittsburgh, before 1947. Paragraph (b) of Section 5 of Act No. 320, supra, refers to a person 'who has commenced his business less than one full year prior to the license year one thousand nine hundred forty-eight, . . ., or who has commenced his business subsequent to the beginning of any license year.' These provisions for computation of the tax obviously do not refer to the plaintiff, because it commenced the business of conducting restaurants before 1947. The opening of a new restaurant, therefore, after 1947 is nothing more than the expansion of the plaintiff's business of conducting restaurants. It is not the opening of a new business. Plaintiff is not engaged in two separate types of business, such as operating restaurants and shoe stores, but is in the same type of business located in numerous places. It is the gross volume of business that is the touchstone,—the cardinal test of the mercantile tax assessment."

As further stated by the court below: "The defendants' position in levying the additional assessments is based on the argument that each of plaintiff's restaurants is a separate business and that the tax is computed on each restaurant separately, and that the fact that the plaintiff is permitted to file a consolidated return with proper breakdown does not change this theory. . . .

"The plaintiff . . . argues that the tax is imposed on it as a single taxpayer engaged in the restaurant

business, and it is not imposed on each of the plaintiff's restaurants as a separate business. Plaintiff further argues that . . . [because] each separate place of business requires a separate mercantile license to conduct it, . . . it does not follow that each place of business is to be assessed separately."

The question is not whether appellee must pay a tax based on the gross receipts from its Paragon Lunch and Horne's Soda Grill, and secure a license for each of those locations, but whether, in opening those restaurants, it commenced new businesses within the meaning of section 5 (b) of the Act and section 5 (b) and (c) of the Ordinance.

It should be noted that the licensing provisions of the tax laws under consideration—with which appellee has complied by securing separate licenses for each of its business locations—provide that "every person . . . conducting a restaurant . . . shall . . . procure a mercantile license for his *place* of business, or if more than one, *for each of his places of business* . . ." (Italics supplied.) However, the taxing provisions make no reference to the taxpayer's "place" or "places of business," nor do they state that the tax shall be calculated and paid "for each of his places of business." The taxing provisions relate solely to "person" and not to "place."

Appellants contend that to sustain appellee's position is to reverse a proper ruling of the collector of taxes which is entitled to great weight. The answer, however, is contained in *Federal Deposit Ins. Corp. v. Board of Finance & Revenue,* 368 Pa. 463, 84 A. 2d 495, cited by appellants. In that case Mr. Justice HORACE STERN said (pp. 471, 472) : ". . . the principle of giving weight to administrative interpretation and practice under a statute is applicable only where the act is ambiguous and calls for a choice of one out of two or

more possible constructions; departmental interpretation is not persuasive, much less controlling, where the statute is *clear and explicit* in its language." (Emphasis added.)

Section 5 of the Act and section 5 of the Ordinance are "clear and explicit," and under the admitted facts subsection (a) of each literally applies.

Decrees affirmed at costs of appellants.