The Township of Derry, Dauphin County, Pennsylvania and the Derry Township School District, Appellants *v.* Edward S. Swartz and Helen R. Swartz, his wife, t/d/b/a Indian Echo Caverns, Appellees.

Argued September 10, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Wallace B. Eldridge, III,* with him *Cleckner* and *Fearen,* for appellants.

*Ralph S. Snyder,* with him *Susan Carroll, Schnader, Harrison, Segal & Lewis,* and, of counsel, *Keith A. Clark* and *Shumaker, Williams & Clark,* for appellees.

OPINION BY JUDGE WILKINSON, November 12, 1975:

This matter comes before us on an appeal from the decision of the Court of Common Pleas, en banc, affirming the decision of the trial judge, sitting without a jury, in a civil action in assumpsit. The able opinions of Judge DOWLING, the trial judge, discuss fully and at length the background of this action and the legal issues presented. See *Derry Township v. Swartz,* 96 Dauph. 488 (1974) and 97 Dauph. 107 (1975). This thorough discussion of the general law by Judge DOWLING, as it applies under these circumstances, and of the decisions in similar cases in other jurisdictions, makes it unnecessary for us to repeat it here. We will merely cover the controlling issues.

Pursuant to the authority of The Local Tax Enabling Act, Act of December 31, 1965, P. L. 1257, *as amended,* 53 P. S. §6901 et seq., which authorized appellants to levy a tax on sales on admissions to places of amusement, appellants in 1968 adopted ordinances levying a 10% tax on the admission to amusements. From its adoption in 1968, appellants made requests of appellees to collect the tax, but appellees, denying they operated a place of amusement, refused to do so. Not until 1973 did appellants take any action to force appellees to collect the tax.

In 1973, this action in assumpsit was filed to collect the amount that would have been collected if the tax had been applied to admissions by appellants in 1969, 1970, 1971, 1972, and 1973. The verdict was in favor of appellees, holding that the tax did not apply.

The central and only issue is whether Indian Echo Caverns is a place of amusement within the meaning of the appellants' taxing ordinances and, perhaps more importantly, within the meaning of "places of amusement" as used by the Legislature in The Local Tax Enabling Act, 53 P. S. §6901 et seq. There is no definition in the Enabling Act, only a restriction in Section 2(2), 53 P. S. §6902(2), that real property rented for camping purposes shall not be considered a place of amusement. Since there is no definition in the Act, and the words are ones in common usage, we must take their common usage meaning. Statutory Construction Act of 1972, 1 Pa. C.S. §1903(a). After reviewing the definitions in current dictionaries, Judge DOWLING applied them to the testimony presented at the trial as to the nature of the physical surroundings in Indian Echo Caverns, what takes place after one is admitted, and draws on his personal viewing of the property while regular admissions were taking place. Based on all this evidence, Judge DOWLING found that what appellees are operating is not a place of amusement within the meaning of The Local Tax Enabling Act or appellants' taxing ordinances. This being a mixed question of law and fact and absent any abuse of discretion or a lack of supporting evidence, the decision of the trial judge under such circumstances is binding on this Court. *See Jenkins Towel Service v. Tidewater Oil Co.*, 422 Pa. 601, 223 A.2d 84 (1966) ; *Claughton v. Bear Stearns & Co.*, 397 Pa. 480, 156 A.2d 314 (1959). The lower court's findings were that the appellees operated Indian Echo Caverns so as to "offer an experience of historical, natural and geological dimensions" and "constitute and provide an educational experience." There is ample evidence to support these findings.

Appellants rely on *Cambria Township School District v. Cambria County Legion Recreation Association,* 201 Pa. Superior Ct. 163, 192 A.2d 149 (1963). This reliance is misplaced, for that decision actually supports the lower court and the appellees' position here. In that case, an earlier enabling act was involved, *i.e.,* the Act of June 25, 1947, P. L. 1145. There, the local taxing authority's ordinance specifically taxed admission to fairgrounds. The issue was not whether fairgrounds were places of amusement, but rather whether the Enabling Act authorized the tax even when it was not a place of amusement. The Pennsylvania Superior Court held that it did, and that the tax was valid even though admission to the fairgrounds was not admission to a place of amusement since it contained many areas which had agricultural, horticultural and industrial exhibits. This is especially interesting, for in the record in the instant case, it is clear that appellees initially had places of amusement associated with the Indian Echo Caverns which did not pay and were discontinued before the taxing ordinances were passed. To the same effect, see *Dyberry Township v. Wayne County Agricultural Society, Inc.,* 86 D. & C. 188 (1953). For another interesting case with a similar conclusion, see *Ligonier Valley School District v. Fort Ligonier Memorial Foundation,* 62 D. & C. 2d 210 (1973). In that case, the lower court inappropriately ascribes one of the reasons for finding the admission nontaxable was that the Foundation was nonprofit. There is no such distinction in either the Enabling Act or in the local taxing ordinance.

Finally, we must observe, with the lower court, that the minimum that can be said is that there is doubt as to whether the tax was intended to be applied and, in that event, the doubt must be resolved in favor of the taxpayer. Statutory Construction Act of 1972, 1 Pa. C.S. §1928(b)(3); *Don Allen Chevrolet Co. v. Pittsburgh,* 414 Pa. 429, 200 A.2d 388 (1964).

Affirmed.