Appeal of Scott Township, a Municipal Corporation, From the Action of the Board of Property Assessment, Appeals and Review of Allegheny County, etc. and Appeal of Chartiers Valley School District—Scott Township, From the Action of the Board of Property Assessment Appeals and Review of Allegheny County, etc. Virginia Mansions Apartments, Inc., Appellant.
Appeal of Virginia Mansions Apartments, Inc. From the Intertriennial Tax Assessment for the Year 1972 of the Board of Property Assessment, Appeals and Review of Allegheny County, Pennsylvania, on Property Situate in the Township of Scott. Virginia Mansions Apartments, Inc., Appellant.

506

Argued May 6, 1977, before Judges Crumlish, Jr., Wilkinson, Jr. and Blatt, sitting as a panel of three. Judge Kramer did not participate in the decision.

*Maurice B. Wechsler* and *Benjamin B. Wechsler, II*, for appellant.

*Thomas J. Dempsey,* with him *John A. Robb, Anthony P. Bartiromo, William J. Fahey, Alexander J. Jaffurs,* County Solicitor, and *John G. Arch,* Assistant County Solicitor, for appellees.

OPINION BY JUDGE CRUMLISH, JR., September 2, 1977:

This is an appeal from a decision and order of the court of common pleas setting aside an assessment reduction by the Board of Property Assessment, Appeals and Review (Board) and reinstating the assessment prescribed in a prior settlement and court order. The issue is whether the taxpayer's attorney had authority to enter into the stipulation which led to the settlement. We agree with the lower court that he did have such authority, and affirm.

In September, 1972, Virginia Mansions Apartments, Inc. (Taxpayer) appealed to the court of common pleas the tax assessed against it by the Board for the triennial years 1972, 1973 and 1974. Scott Township (Township) and Chartiers Valley School District (School District) also appealed. After three days of trial in early 1974, the parties entered into settlement negotiations which resulted in counsel for all parties stipulating to the tax for the years 1972 through 1975. The 1975 assessment was set at $1,500,000.00. The court entered an order in accordance with the terms of the stipulation on February 22, 1974, from which no appeal was taken.

On May 21, 1975, the Board, for reasons that are not clearly explained in the record or the parties' briefs, revised the 1975 assessment downward from $1,511,300.00 to $1,000,000.00. The School District and

the Township petitioned the court of common pleas to set aside the Board's action, which it did, after a hearing on November 21, 1975, and reinstated the $1,500,-000.00 assessment. This appeal followed.

It has been held that review of a lower court's holding that an attorney was authorized to act in a certain manner for his client is limited to a determination of whether the conclusion is supported by sufficient evidence. *Thomas v. Hempt Brothers*, 402 Pa. 369, 167 A.2d 315 (1961), and it is a generally accepted principle in tax cases that decisions by the trial court on issues where it had the opportunity to weigh the evidence firsthand will not be disturbed on appeal absent proof of an abuse of discretion, a lack of supporting evidence, or clear error of law. *See Lutheran Social Services v. Adams County Board for Assessment and Revision of Taxes*, 26 Pa. Commonwealth Ct. 580, 364 A.2d 982 (1976); *Derry Township v. Swartz*, 21 Pa. Commonwealth Ct. 587, 346 A.2d 853 (1975); *Pocono Downs, Inc. v. Board of Assessment and Revision of Taxes for Luzerne County*, 11 Pa. Commonwealth Ct. 81, 312 A.2d 452 (1973).

At the November, 1975 hearing, the trial court heard the testimony of the Taxpayer's attorney, Alvin E. Dillman, Jr., and its president, Elias J. Hakim, Jr., regarding the circumstances of the stipulations and settlement and the court then concluded that counsel did indeed have his client's authority to bind the client to the terms of the stipulation. In its opinion, the court noted that Dillman said that he had discussed the negotiations with Hakim; that he conferred with him on the terms of the stipulation, and that during a luncheon break he showed Hakim a note pad on which were written the figures that ultimately became embodied in the stipulation. The court characterized Hakim's testimony as evasive, pointing out that he had originally

denied any recollection of the settlement figures. The court noted that, although Hakim complained immediately to his present attorney that the $1.5 million assessment was too high, he took no action to appeal the order or to have the case reopened but accepted a reduction for 1972 which resulted in a $10,000.00 rebate. We have reviewed the transcript of that hearing, as well as the other documents of the record, and conclude that the trial court's factual determinations were amply supported by the testimony, and hence, that it committed no abuse of discretion in resolving the question of credibility in favor of Mr. Dillman.

Moreover, it is clear that where a litigant does not attempt to repudiate immediately the authority of his counsel to enter into a settlement, but rather accepts benefits flowing from the settlement, he ratifies the act of his attorney and will not later be heard to complain that the attorney acted without authority. *Yarnall v. Yorkshire Worsted Mills*, 370 Pa. 93, 87 A.2d 192 (1952); *Baumgartner v. Whinney*, 156 Pa. Superior Ct. 167, 39 A.2d 738 (1944). This is especially so where the attorney consults with his client during the actual course of settlement negotiations. *Sustrik v. Jones & Laughlin Steel Corp.*, 189 Pa. Superior Ct. 47, 149 A.2d 498 (1959). We hold that the trial court correctly applied the law to the facts of this case. We therefore issue the following

## Order

And Now, this 2nd day of September, 1977, the order of the Court of Common Pleas of Allegheny County dated July 19, 1976, is hereby affirmed and the appeals of Virginia Mansions Apartments, Inc., are dismissed.

Judge KRAMER did not participate in the decision in this case.