Chartiers Valley School District and Township of Scott *v.* Board of Property Assessment, Appeals and Review and Virginia Mansions Apartments, Inc. Virginia Mansions Apartments, Inc., Appellant.

Argued May 9, 1980, before Judges WILKINSON, JR., CRAIG and WILLIAMS, JR., sitting as a panel of three.

*Robert O. Lampl, Campbell, Lampl & Levine,* for appellant.

*Thomas J. Dempsey,* for appellees, Chartiers Valley School District and Township of Scott.

*William P. Bresnahan,* Assistant County Solicitor, with him *James H. McLean,* County Solicitor, for intervenor, County of Allegheny.

PER CURIAM OPINION, June 20, 1980:

This appeal has been taken by taxpayer Virginia Mansions, Apartments, Inc. from an order of the Court of Common Pleas of Allegheny County refusing to quash the appeal to court which the taxing bodies (appellees here) have taken from an action of the Allegheny County Board of Property Assessment, Appeals and Review (board). The board had dismissed an appeal of the taxing bodies questioning a reduction of taxpayer's property tax assessment for the triennial 1976-77-78.

However, these present proceedings actually had begun earlier, with the taxing bodies' court appeal of an assessment reduction which the board had granted to the same property for 1975. The court had determined that 1975 appeal in favor of the taxing bodies on the basis of a stipulation adopted by the parties for the purpose of settling the litigation as to the

1973-74-75 triennial. We affirmed, in *Scott Township Tax Assessment Case*, 31 Pa. Commonwealth Ct. 505, 377 A.2d 826 (1977).

Because the 1976-77-78 triennial assessment, at issue here, was made by the assessors in late 1975, before the lower court's 1976 decision in the 1975 case, Allegheny County President Judge O'MALLEY also took jurisdiction over the 1976-77-78 triennial appeal, under Section 11 of the Act of June 21, 1939, P.L. 626, *as amended*, 72 P.S. §5452.11, made applicable to taxing bodies by the Act of May 22, 1933, P.L. 853, §520, *as amended*, 72 P.S. §5020-520, which provides that a tax assessment appeal pending before the court (here the 1975 appeal) will be treated as an appeal for any triennial assessment (here 1976-77-78) made before determination of the original appeal by the court. Accordingly, Judge O'MALLEY, by an order dated April 4, 1978, remanded the new issue of the 1976-77-78 triennial assessment reduction to the board for hearing.

The board proceeded to hold that hearing, at which the taxing bodies appeared but presented no market value evidence, prompting the board to dismiss the appeal on May 30, 1978, from which dismissal the taxing bodies duly returned to the court, within the same proceedings, as Judge O'MALLEY's April, 1978 order had expressly authorized.

The taxpayer contends that Judge DEL SOLE, before whom the matter then came, erred in not quashing the taxing bodies' appeal as to the board's May, 1978 dismissal. The taxpayer contends (1) that Judge O'MALLEY had no jurisdiction to remand the matter of the 1976-77-78 triennial, and (2) that the taxing bodies "abandoned" that appeal by their failure to present market value evidence to the board.

We affirm the refusal of the court below to quash the appeal of the taxing bodies because the statute above cited, in the circumstances we have outlined,

clearly provided a jurisdictional foundation for the appeal in question and because, whatever the weakness of the taxing bodies' case before the board, it clearly did not go to jurisdiction or constitute an abandonment of the litigation.

In affirming the lower court order dated September 14, 1979, we adopt the well-stated and well-reasoned unpublished opinion of Judge DEL SOLE in connection therewith, at No. G.D. 75-17450, Court of Common Pleas of Allegheny County, Civil Division.

ORDER PER CURIAM

AND Now, this 20th day of June, 1980, the order of the Court of Common Pleas dated September 4, 1979 herein is hereby affirmed, upon the unpublished opinion of Judge DEL SOLE at No. G.D. 75-17450, Court of Common Pleas of Allegheny County, Civil Division.