Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* William H. Krupp, Appellee.

Argued February 1, 1982, before President Judge CRUMLISH, JR. and Judges CRAIG and MACPHAIL, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel, Transportation, and *Jay C. Waldman,* General Counsel, for appellant.

*Lane H. Daylor, Wrigley, Yergey, Daylor and Scheffey,* for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., May 4, 1982:

The Department of Transportation (DOT) suspended the operating privileges of William Krupp. The Berks County Common Pleas Court, citing an oral agreement not to pursue the suspension, sustained Krupp's appeal. We reverse.

Krupp was convicted of a violation of Section 3733 of the Motor Vehicle Code (Code)[1] for which a six-month suspension is mandated.[2] Krupp, in his ap-

---

[1] The Vehicle Code, Act of June 17, 1976, P.L. 162, *as amended,* 75 P.S. §3733.

[2] 75 P.S. §1532(b) governs the suspension of operating privileges and reads in pertinent part:

(b) Suspension.—

(1) The department *shall* suspend the operating privilege of any driver for six months upon receiving a certified record of the driver's conviction of any offense under the following provisions:

peal of the suspension, argued that, because he operated a snowmobile and not a motor vehicle within the meaning of the statute, suspension was improper. He further asserted that the district justice had not informed him that a plea of guilty to this violation would subject him to a six-month suspension.

Following an evidentiary hearing, the court below was in verbal contact with Krupp's attorney and the Assistant Attorney General, arranging an agreement between counsel by which the license suspension would not be pursued if Krupp agreed not to seek a refund of fines and costs imposed for his conviction. The Assistant Attorney General was replaced and his successor sought to reinstate the suspension on the Miscellaneous Civil List. The trial court entered an order binding the parties to the oral settlement agreement. This appeal followed.

Pa. R.C.P. No. 201 states:

Agreements of Attorneys

Agreements of attorneys relating to the business of the court shall be in writing, *except such agreements at bar as are noted by the prothonotary upon the minutes or by the stenographer on his notes.* (Emphasis added.)

Here, there is neither a written agreement between counsel nor any written record of the proceedings before the lower court. We thus conclude that this *oral* settlement agreement was not binding on the DOT.

----

. . . .

Section 3733 (relating to fleeing or attempting to elude police officer).

. . . .

(Emphasis added.)

This section mandates the suspension of an operator's license for the above conviction. It is a clear statutory directive and may not be ignored.

Additionally, we have said that a settlement agreement is "comprised of all the traditional elements of a contract." *School District of Philadelphia v. Framlau Corp.*, 15 Pa. Commonwealth Ct. 621, 627, 328 A.2d 866, 870 (1974). Here, the apparent *quid pro quo* for the Assistant Attorney General's agreement was Krupp's promise not to seek a refund of the fines and costs which he paid as a result of his *criminal conviction* under Section 3733 of the Vehicle Code. Krupp's challenge to the suspension in the lower court was civil in nature and related only to the suspension itself. Thus, we fail to see how the DOT, through the Assistant Attorney General, gained any benefit from Krupp's promise.

Krupp further asserts that, if all else fails,[3] we should return him to the status quo by remanding this case to the common pleas court to determine whether his license suspension was proper. We decline.

The only issue a court may review in determining whether a license suspension or revocation is proper is whether the appellant *was convicted* of the underlying criminal offense. This Court may not review the collateral issue of a criminal conviction. *Department of Transportation, Bureau of Traffic Safety v. Grobes*, 45 Pa. Commonwealth Ct. 151, 405 A.2d 588 (1979).

Reversed.

---

[3] He has also asserted that the DOT's failure to repudiate this agreement should now preclude DOT from challenging the validity of the oral agreement. We disagree with this assertion. In light of the facts in this case, it is unclear how the DOT could have repudiated the agreement any sooner than it did. Until the files were taken over by the Assistant Attorney General's successor, DOT was unaware of the agreement. Additionally, the matter was still open on the trial court's docket. *See Scott Township et al. Tax Assessment Case*, 31 Pa. Commonwealth Ct. 505, 377 A.2d 826 (1977). Thus, we find this contention to be without merit.

ORDER

The decision of the Berks County Common Pleas Court, No. 271, April Term 1979, is reversed.

Judge MENCER did not participate in the decision in this case.