## Van Buren Homes, Inc. v. Township of Vanport

*Joseph M. Stanichak,* for plaintiff Van Buren Homes.

*W. Theodore Brooks,* for plaintiff Tamaqui Village.

*Samuel C. Holland,* for defendant.

REED, *J.,* June 10, 1985—On November 21, 1983, pursuant to the Local Tax Enabling Act, Act of December 31, 1965, P.L. 1257, 53 P.S. §6901 et seq., the Township of Vanport enacted Ordinance No. 235, the "Business Privilege Tax Ordinance," which reads in relevant part as follows:

"SECTION 3. Imposition and Rate of Tax: Every person engaged in any business in the Township of Vanport beginning with the calendar year of 1984, and annually thereafter, shall pay a tax at a rate of three (3) mills on each dollar of volume of the gross receipts of said business."

The ordinance further defines "business" as:

"(c)(1) 'Business' — the carrying on or exercising whether for gain or for profit *or otherwise* within the Township of Vanport any trade or business, includ-

ing but not limited to financial business as hereinafter defined, any profession, vocation, service, construction, communication or commercial activity, or the making of sales to persons or rendering services from or attributable to an office within the Township of Vanport or a place of business therein."

The Vanport Township Commissioners have determined that Van Buren Homes and Tamaqui Village are engaged in "business" within the meaning of the ordinance and that they are therefore subject to payment of the business privilege tax. Both Van Buren Homes and Tamaqui Village have filed declaratory judgment actions challenging the township commissioner's determination. Because of the identical posture of these plaintiffs, the cases were both argued before this court on May 20, 1985.

Plaintiffs' arguments are twofold: (1) that they are not engaged in "business" within the meaning of the ordinance, and (2) that taxing the monies paid to the corporations violates the exemption provision of the Local Tax Enabling Act, 53 P.S. §902(7).

Plaintiffs first contend that, because they are cooperative housing corporations organized solely for the purpose of purchasing, operating and managing their respective housing projects on a non-profit basis, they are not "businesses" as defined by the ordinance and therefore are not subject to the business privilege tax. Vanport contends that these non-profit corporations are covered by the catch phrase "or otherwise" in the definition of business. We disagree. It is clear that more specific language is required to bring these plaintiffs within the definition in the ordinance.

When faced with such a problem of construction, the Pennsylvania Supreme Court has held that:

548

"Taxing statutes and ordinances must be strictly construed and if there is any reasonable doubt as to the meaning intended, the doubt must be resolved in favor of the taxpayer and against the taxing authority: (citing cases) Don Allen Chevrolet Co. v. Pittsburgh, 414 Pa. 429, 433, 200 A.2d 388 (1964)." Tax Review Board v. Esso Standard Division, 424 Pa. 355, 359, 227 A.2d 657, 659 (1967). Applying this standard to the present case, we conclude that these two non-profit corporations are not engaged in "business" for purposes of the Business Privilege Tax.

Plaintiffs' second argument is that the imposition of a tax upon the transactions between plaintiffs and their respective members constitutes a violation of the exemption under section 7 of the Local Tax Enabling Act, 53 P.S. §902(7), which reads as follows:

"Such Local Authority shall not have the authority by virtue of this act: (7) to levy, assess or collect a tax on membership in or membership dues, fees or assessment of charitable, religious, beneficial or non-profit organizations including but not limited to sportsmen, recreational, golf and tennis clubs, girl and boy scout troops in council; 53 P.S. §6902(7)." 53 P.S. §6902(7).

We agree with plaintiffs that the sums of money paid by the members to their respective corporations constitute membership dues, fees, or assessments. See University Club v. City of Pittsburgh, 59 D.&C. 2d 165, 120 P.L.J. 368 (1972).

In the instant cases the amount paid by the members to their respective non-profit corporation is set annually by the board of directors and ratified by the members. It is assessed to cover fixed expenses, operating expenses, and reserves to preserve the property. This amount is constant and applied to all

members regardless of occupancy or use. Consequently, we find that these sums constitute dues, charges, or assessments and are thus exempt from taxation pursuant to section 7 of the Local Tax Enabling Act, 53 P.S. §6902(7).

For the foregoing reasons, the following order is entered

### ORDER

Now, this June 10, 1985, the court hereby enters a judgment in favor of Van Buren Homes, Inc. and Tamaqui Village, Inc. declaring that Van Buren Homes, Inc. and Tamaqui Village, Inc. are not subject to the imposition of the Business Privilege Tax imposed by Vanport Township Ordinance No. 235.